NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAYS INNS WORLDWIDE, INC., | : | |
| | : | Civil Action No. 09-2275 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| RAM LODGING, LLC, ET AL., | : | |
| | : | July 19, 2010 |
| Defendants. | : | |
| | : | |

**WIGENTON,** District Judge.

Before the Court is the motion of plaintiff, Days Inns Worldwide, Inc. ("Plaintiff") seeking reconsideration of this Court's April 14, 2010 Opinion and Order. (Dkt. Entry No. 38). Defendants RAM Lodging, Inc. ("RAM Lodging"), Yagnesh Patel, Balvent Patel, and Ichchhu Patel (sometimes collectively "Defendants") oppose the motion. No oral argument was heard pursuant to FED. R. CIV. P. 78. After considering the arguments in support of and in opposition to the motion, and for good cause shown, and for the reasons expressed below, Plaintiff's reconsideration motion is **DENIED.**

## LEGAL STANDARD

Local Civil Rule 7.1(i) states in relevant part:

> A motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely **the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked** shall be filed with the Notice of Motion.

L. CIV. R. 7.1(i) (emphasis added). There are three bases for relief under a motion for

reconsideration: "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Carmichael v. Everson*, 2004 U.S. Dist. LEXIS 11742 (D.N.J. May 21, 2004). *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). The standard for reconsideration is high, and relief by way of reconsideration should be granted only sparingly. *J.J.C. Boats, Inc. v. Hlywiak*, 573 F. Supp. 2d 871, 873 (D.N.J. 2008).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. *SPIRG v. Monsanto Co.*, 727 F. Supp. 876, 878 (D.N.J.), *aff'd*, 891 F.2d 283 (3d Cir. 1989). Therefore, matters may not be introduced for the first time on a reconsideration motion. *See, e.g., Resorts Int'l, Inc. v. Create Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992); *Egloff v. New Jersey Air National Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. *Resorts Int'l*, 830 F. Supp. at 831 n. 3.

Furthermore, Rule 7.1(i) does not allow parties to restate arguments which the court has already considered. Thus, a party's disagreement with the court's decision should be handled through the regular appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1998); *see also S.C. v. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003). In other words, "a motion to reconsider does not generally afford a litigant 'a second bite of the apple.'" *Garrett v. Firestone Tire & Rubber Co.*, 1989 WL 21778 (D.N.J. Mar. 7, 1989). A party improperly seeks reconsideration when it "ask[s] the Court to rethink what it had already thought through-rightly or wrongly." *Ciba-Geigy Corp. v. Alza Corp.*, 1993 WL 90412, *1

2

(D.N.J. Mar. 25, 1993).

## DISCUSSION

Here, Plaintiff moves for reconsideration on two principal grounds. First, Plaintiff asserts that the Court improperly held that its ruling on the transfer of venue motion rendered moot Plaintiff's cross-motion to dismiss Defendants' counterclaims. Second, Plaintiff contends that the Court's transfer of venue decision was based on three faulty premises. For the reasons set forth below, there is no basis for the Court to reconsider its April 14, 2010 decision.

### A.    Mootness

Plaintiff's first contention that the Court improperly rendered moot its cross-motion to dismiss is based on an incorrect premise. Plaintiff mistakenly asserts that the Court reached the merits of its cross-motion to dismiss Defendants' counterclaims.

Rather, in its April 14, 2010 decision, the Court concluded that the case should be transferred to the Southern District of Indiana, and thus granted Defendants' motion to transfer venue under 28 U.S.C. § 1404(a). In view of the Court's ruling on the venue issue, this Court did not reach the merits of Plaintiff's cross-motion. Indeed, the transfer of venue obviated the need to reach the merits of Plaintiff's cross-motion. Accordingly, this Court in essence dismissed without prejudice Plaintiff's cross-motion, which Plaintiff may re-file with the transferee court in the Southern District in Indiana. In short, Plaintiff's mistaken suggestion that the Court reached the merits of its cross-motion to dismiss does not raise issues which the Court "overlooked" as required by Local Civil Rule 7.1(i).

### B.    Analysis of the § 1404(a) Private and Public Factors

Plaintiffs next argue that the Court's transfer of venue analysis was based on three inaccurate

premises.  First, the Court incorrectly characterized Plaintiff's affirmative claims as arising from

Defendants' duties to operate the hotel rather than Defendants' failure to pay fees owed under the

License Agreement.  Second, the Court should have reached the merits of Plaintiff's cross-motion

to dismiss Defendants' counterclaims before determining whether transfer of venue was appropriate.

Third, in analyzing the public interest factor of court congestion, the Court improperly determined

that more congestion exists for judges in this district than in the Southern District of Indiana without

considering the number of district judges in both districts.  The Court rejects each of Plaintiff's

arguments as valid bases warranting reconsideration of its previous decision.

### 1.      Characterization of Plaintiff's Affirmative Claims

In its April 14, 2010 decision, the Court states unequivocally that Plaintiff filed the instant

breach of contract action to recover the allegedly outstanding franchise fees owed pursuant to the

License Agreement.  (Apr. 14, 2010 Opinion at 3).  In any event, in its Complaint, Plaintiff

specifically alleges that defendants Yagnesh Patel, Balvent Patel, and Ichchhu Patel (collectively

"individual defendants") provided Plaintiff with a guaranty of defendant RAM Lodging's obligations

under the License Agreement. (Compl., ¶ 18). The Guarantors agreed, *inter alia*, that, upon default

by RAM Lodging and notice from Plaintiff, they would "immediately make each payment and

perform or cause [RAM Lodging] [] to perform each unpaid or unperformed obligation of [RAM

Lodging] under the Agreement." (*Id.* at ¶ 19).  In Count Six of the Complaint, Plaintiff alleges that,

despite the obligations of the individual defendants under the License Agreement and Guaranty, they

"failed to make any payments or perform each obligation required under the License Agreement."

(*Id.* at ¶ 43).  Accordingly, based on Plaintiff's allegations and claims, the Court properly read the

Complaint as focusing on Defendants' failed obligations to perform in connection with the hotel in

4

Indiana, which primarily included their duty to pay franchise fees.

Even if the Complaint pled only allegations surrounding Defendants' failure to pay franchise fees, the Court's consideration of such allegations alone would not have altered its decision to transfer venue. Indeed, the Court expressly considered Defendants' alleged failure to remit payment of the franchise fees in its transfer of venue analysis, and determined that transfer was appropriate. (Apr. 14, 2010 Opinion at 9-11). Thus, even omitting any consideration of Defendants' alleged failure to operate the hotel in Indiana as part of its venue analysis, the Court did not overlook any fact or argument, which might reasonably have altered its decision. *See Panna v. Firstrust Savings Bank*, 760 F. Supp. 432, 435 (D.N.J. 1991) (internal quotations omitted) ("The only proper ground for granting a motion for reconsideration . . . is that the matters or decisions overlooked, if considered by the court, might reasonably have altered the result reached."); *see also SPIRG*, 727 F. Supp. at 878.

### 2.    Impact of Plaintiff's Cross-Motion On The Venue Analysis

Plaintiff argues that the Court should have reached the merits of its cross-motion to dismiss the counterclaims before reaching the merits of the transfer of venue motion. According to Plaintiff, had the Court considered Plaintiff's cross-motion, the Court would have granted that cross-motion. As such, the Court would not have relied upon Defendants' allegations in its counterclaims to determine whether a transfer of venue was proper.

Plaintiff in essence is now seeking to have the Court reach the merits of Plaintiff's cross-motion to dismiss the counterclaims. Having already exercised its discretion to transfer the case, the Court will not entertain any such request by Plaintiff.

In any event, Plaintiff's argument is based on a faulty assumption.  In balancing the

5

applicable private and public factors, the Court did not rely on any of the allegations in Defendants' counterclaims. Indeed, the only mention of Defendants' counterclaims appears in connection with the Court's analysis of the public interest factor addressing the trial judge's familiarity with the applicable state law in diversity cases. In support of transfer, Defendants argued, in part, that Indiana law, which differs significantly from New Jersey law, applies to their tortious interference counterclaim. As such, according to Defendants, an Indiana Court would be better suited to decide this action. Plaintiff did not address any differences between New Jersey and Indiana law on the affirmative claims or counterclaims in this action. The Court noted, however, that the License Agreement provides that it is governed by New Jersey law. Thus, New Jersey law would be applied to decide Plaintiff's affirmative claims.

On balance, the Court found that this particular public interest factor did not weigh decidedly in favor of either forum. Accordingly, the Court clearly did not rely on Defendants' counterclaims in determining that a transfer of venue was proper. Plaintiff's mere disagreement with the Court's transfer decision is unpersuasive and an insufficient basis as a matter of law, for this Court to reconsider its previous decision.

### 3.    Public Interest Factor: Court Congestion

Lastly, Plaintiff argues that the Court improperly found that more congestion exists for judges in this district than in the Southern District of Indiana without considering the number of district judges in both districts. As such, according to Plaintiff, the Court incorrectly concluded that this public factor weighs in favor of transfer.

It is undisputed that Plaintiff did not address any of the public factors in opposition to the transfer of venue motion. Rather, in support of reconsideration, Plaintiff attempts, for the first time,

to refute Defendants' previously submitted evidence to establish that more congestion exists for judges in this District than in the Southern District of Indiana.

As discussed above, matters may not be introduced for the first time on a reconsideration motion. *See, e.g., Resorts Int'l, Inc.*, 830 F. Supp. at 831; *Egloff*, 684 F. Supp. at 11279. Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. *Resorts Int'l*, 830 F. Supp. at 831 n. 3. Here, Plaintiff has not attempted to make any showing that unusual circumstances exist to compel this Court to accept its newly proffered evidence of court congestion in the competing districts. Thus, the Court rejects this new evidence, which was not presented to the Court when it rendered its previous decision.

In sum, Plaintiff has not put forth an intervening change in the controlling law, demonstrated that the Court committed a clear error of law or fact, nor introduced evidence that was not available when the Court granted Defendants' motion to transfer venue to the Southern District of Indiana.

## CONCLUSION

For the reasons discussed above, this Court denies Plaintiff's Motion for Reconsideration.

SUSAN D. WIGENTON
United States District Judge

cc:    Hon. Madeline Cox Arleo, U.S.M.J.
       Clerk of the Court
       Parties

7